IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: ______________________

STEAMOPS, LLC, a
Wyoming Limited Liability
company,

Plaintiff,

vs.

CALL STREAM AI, LLC, a
Florida Limited Liability Company,

Defendant.

_____________________________/

**COMPLAINT**

Plaintiff, STEAMOPS, LLC, a Wyoming Limited Liability Company (hereinafter referred to as "Plaintiff") through counsel sues Defendant, CALL STREAM AI, LLC, a Florida Limited Liability Company (hereinafter referred to as "Defendant") and states as follows:

**GENERAL ALLEGATIONS:**
**PARTIES, VENUE AND DIVERSITY**

1. That Plaintiff, STEAMOPS, LLC, a Wyoming Limited Liability Company, with its principal place of business located at 1309 Coffeen Avenue, Suite 1200, Sheridan, Wyoming 82801.

2. That Nelson Mesias is the sole managing member of STEAMOPS, LLC, a Wyoming Limited Liability Company, with his domicile located in Commerce City, Colorado, where he is domiciled and a citizen of Colorado for purposes of Federal Diversity Jurisdiction, which exists in this action under 28 U.S.C. section 1332 as the amount in controversy between Plaintiff and Defendant exceeds $75,000.00 and Defendant below is a Florida Limited Liability Company.

STEAMOPS, LLC
v.
CALL STREAM AI, LLC

3. That the Defendant, CALL STREAM AI, LLC, is a Florida Limited Liability Company, with its principal place of business located at 24031 South Tamiami Trail, Suite 201, Bonita Springs, Lee County, Florida 34134.

4. That Nicholas Lawrenson is the registered agent of Defendant, CALL STREAM AI, LLC, a Florida Limited Liability Company, whose domicile and citizenship is located at 19446 The Place Boulevard, Estero, Lee County, Florida 33928. Nicholas Lawrenson is over eighteen years of age and sui juris.

5. That Vince Lamartina is a manager of Defendant, CALL STREAM AI, LLC, a Florida Limited Liability Company whose domicile and citizenship is located at 426 Beach Road in Arnold, Anne Arundel County, Maryland. Vince Lamartina is over eighteen years of age and sui juris.

6. That Kyle Ciampa is a manager of Defendant, CALL STREAM AI, LLC, a Florida Limited Liability Company, whose domicile and citizenship is located at 19028 Elston Way, Estero, Lee County, Florida 33428. Kyle Ciampa is over eighteen years of age and sui juris.

7. That Andrew Lee is a manager of Defendant, CALL STREAM AI, LLC, a Florida Limited Liability Company, whose domicile and citizenship is located at 19232 Elston Way, Estero, Lee County, Florida 33428. Andrew Lee is over eighteen years of age and sui juris.

8. That Tailani Navas is a manager of Defendant, CALL STREAM AI, LLC, a Florida Limited Liability Company, whose domicile and citizenship is located at 19615 Beachcrest Place, Estero, Lee County, Florida 33928. Tailani Navas is over eighteen years of age and sui juris.

9. That Elizabeth Lawrenson is a manager of Defendant, CALL STREAM AI, LLC, a Florida Limited Liability Company, whose domicile and citizenship is located at 19446 The Place

Boulevard, Estero, Lee County, Florida 33928. Elizabeth Lawrenson is over eighteen years of age and sui juris.

10. That Andera Winterling is a manager of Defendant, CALL STREAM AI, LLC, a Florida Limited Liability Company, whose domicile and citizenship is located at 426 Beach Road, Arnold, Anne Arundel County, Maryland, 21012. Andera Winterling is over eighteen years of age, and sui juris.

11. That Alisha Lawerson is a manager of Defendant, CALL STREAM AI, LLC, a Florida Limited Liability Company, whose domicile and citizenship is located at 17227 Aschomb Way, Estero, Lee County, Florida 33928. Alisha Lawerson is over eighteen years of age and sui juris.

12. That all of the managers domiciles and citizenships referenced above in paragraphs 4 through 11, above are based upon information and belief, upon review of the Florida Department of Corporations' website records demonstrating upon information and belief, the permanent domiciles and citizenships of all Defendant, CALL STREAM AI, LLC, a Florida Limited Liability Company's members.

13. That all of the services provided to Defendant and its members by Plaintiff were provided in Lee County, Florida.

14. That all invoices from Plaintiff to Defendant were issued to Defendant in Lee County, Florida.

15. That venue of this action is proper in the United States District Court, Middle District of Florida, Fort Myers Division.

STEAMOPS, LLC
v.
CALL STREAM AI, LLC

16. That diversity jurisdiction exists between the parties (Plaintiff and Defendant) LLCs in the United States District Court, Middle District of Florida, Fort Myers Division.

17. That during May of 2025, Defendant under the direction of manager Nicholas Lawrenson engaged Plaintiff to produce to Defendant in Florida AI AAS, voicebot, integration, maintenance and related operational services for its customers, Artificial Intelligence services for automobile dealership(s), programs, to configure, deploy programs run by Defendant to configure, deploy, operate, maintain, and support AI powered voicebots used to answer and manage telephone communications for automobile dealerships.

18. That the service relationship between Plaintiff and Defendant was patterned upon proposals, invoices, and payment upon invoicing.

19. Plaintiff and Defendant had an established and continuing course of dealing pursuant to which Plaintiff directly provided Defendant with AI, voicebot, integration, maintenance, development, and related operational services. During May and June 2026, Plaintiff continued to provide those services to Defendant under the same general terms and course of dealing previously followed by the parties.

20. Plaintiff performed the services requested by Defendant during May and June 2026 and submitted invoices to Defendant for those services in accordance with the parties' established course of dealing. Defendant received and accepted the benefit of those services.

21. That attached hereto as Composite Exhibit "A" are the Call Stream invoices and remaining unpaid balances due to Plaintiff: Invoice 0023-2026, remaining April 2026 balance of $15,734.03; Invoice 0027-2026 in the sum of $107,816.79; Invoice 0028-2026 in the sum of

STEAMOPS, LLC
v.
CALL STREAM AI, LLC

$43,050.00; Invoice 0032-2026 in the sum of $101,196.85; and Invoice 0033-2026 in the sum of $23,250.00. Attached hereto as Exhibit "B" is the statement of account reflecting the total unpaid Call Stream principal balance of $291,047.67.

22. That the unpaid balances identified in paragraph 21 total $291,047.67, exclusive of prejudgment interest from the applicable maturity dates.

23. That prior to initiating this action, Plaintiff has performed all conditions precedent, or all conditions precedent have been waived by Defendant or Plaintiff is ready, willing and able to perform all conditions precedent.

**COUNT I**
**ACCOUNT STATED AND DAMAGES**

24. That this is an action by Plaintiff against Defendant for account stated and damages in excess of $75,000.00 exclusive of interest, costs, and attorney's fees.

25. That Plaintiff realleges and readopts paragraphs 1 through 23 as though fully set forth herein.

26. That prior to May, 2026 Plaintiff and Defendant and subsequent thereto had prior business dealings or transactions relating to the subject matter of this action, resulting in Plaintiff upon invoicing for services rendered to Defendant being paid over $700,000.00 by Defendant.

27. That attached hereto as Composite Exhibit "A" and Exhibit "B" are the open Call Stream invoices and statement of account, the terms and unpaid balances of which are more fully set forth in paragraphs 21 and 22 and incorporated herein, totaling $291,047.67.

STEAMOPS, LLC
v.
CALL STREAM AI, LLC

28. That Defendant has not timely objected to payment of the unpaid amounts and invoices referenced in paragraphs 21, 22, and 27 above, subject to counsel's confirmation of the timing and content of any invoice-specific objections in the native record.

29. That there is a clear expression or implementation of an agreement to the amount of debt owed by Defendant to Plaintiff, based upon the parties substantial, not isolated business transactions and dealings over the same prior services rendered by Plaintiff to Defendant.

30. That Plaintiff demands the unpaid principal balance of $291,047.67, consisting of $15,734.03 remaining from April 2026 services, $150,866.79 for May 2026 services, and $124,446.85 for June 2026 services, together with applicable prejudgment interest and taxable costs.

WHEREFORE, Plaintiff demands judgment against Defendant for the total unpaid principal sum of $291,047.67, together with applicable prejudgment interest, taxable costs, and such other and further relief as the Court may deem just and proper.

**COUNT II**
**UNJUST ENRICHMENT AND DAMAGES**

31. That this is an equitable action by Plaintiff against Defendant for unjust enrichment and damages in excess of $75,000.00 exclusive of interest, costs and attorney's fees.

32. That Plaintiff realleges and readopts paragraphs 1 through 23 above as though fully set forth herein.

34. That Defendant knows of the benefit that Plaintiff conferred during the above timeframe upon the Defendant as reflected in the invoices and account ledger for services rendered to Defendant without a written contract.

STEAMOPS, LLC
v.
CALL STREAM AI, LLC

35. That Defendant voluntarily accepted and retained that benefit for services rendered by Plaintiff as reflected in the invoices and account ledger, and Defendant retained and accepted that benefit.

36. That the circumstances set forth herein in paragraphs 1 through 23 above and 33 through 35 above are such that it would be inequitable for the Defendant to keep or retain the benefit or to keep it without paying Plaintiff the value thereof or a reasonable value thereof.

37. That Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff demands judgment for compensatory damages in excess of $75,000.00 against Defendant, together with prejudgment interest, taxable costs, and such other and further relief as the Court may deem just and proper.

**CERTIFICATE OF SERVICE ON THE FOLLOWING PAGE**

STEAMOPS, LLC
v.
CALL STREAM AI, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by service of process upon Defendant.

THE LAW OFFICES OF STUART N. KAPLAN, P.A.
PGA Financial Plaza
3399 PGA Boulevard, Suite 150
Palm Beach Gardens, Florida 33410
Telephone: (561) 296-7900
Facsimile: (561) 296-7919
By: /s/ Stuart N. Kaplan
STUART N. KAPLAN, ESQUIRE
Florida Bar No.: 647934
Email: skaplan@stuartnkaplanpa.com
Secondary Email: rbailey@stuartnkaplanpa.com
Attorney for Plaintiff
THE LAW OFFICES OF THOMAS J. ALI, P.A.
PGA Financial Plaza
3399 PGA Boulevard, Suite 150
Palm Beach Gardens, Florida 33410
Telephone: (561) 296-7900
Facsimile: (561) 296-7919
By: /s/ Thomas J. Ali
THOMAS J. ALI, ESQUIRE
Florida Bar No.: 0370746
Email: tali@stuartnkaplanpa.com
Secondary Email: rbailey@stuartnkaplanpa.com
Attorney for Plaintiff